(No. 35226.—

ALBERTA BUFORD, Appellant, *vs.* CHIEF, PARK DISTRICT POLICE, *et al.,* Appellees.

*Opinion filed January 22, 1960.*

ROYAL E. SPURLARK, JR., of Chicago, for appellant.

DAVID S. KERWIN, of Chicago, (HARRY R. POSNER, of counsel,) for appellee Chief, Park District Police, and LOUIS W. REINECKER, of Chicago, (C. E. McELHANEY, JR., of counsel,) for appellee Giant Auto Construction Co.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Alberta Buford, here appeals from an order of the circuit court of Cook County which dismissed a complaint wherein plaintiff sought the return of her automobile, and damages from George Otlewis, Chief of the Chicago Park District Police, and a towing company, Giant Auto Construction Company, the defendants. The automobile had been removed from a boulevard within the city of Chicago for a parking violation. Jurisdiction of this court is invoked on the ground that the validity of a

municipal ordinance is involved, the trial court having issued an appropriate certificate to that effect as required by section 75 of the Civil Practice Act. Ill. Rev. Stat. 1957, chap. 110, par. 75..

The events leading to plaintiff's complaint occurred on Veterans Day, November 11, 1958. It appears that her car was parked on a boulevard which, pursuant to an ordinance of the park district, was posted with signs stating: "No Parking Between 4 to 6:30 P.M. Except Sundays, Saturdays, and Holidays." Another section of the district's traffic ordinance proclaimed that the term "holidays," as used in such ordinance, "shall mean New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day." The authority of the district to enact such ordinances is unquestioned (See: Ill. Rev. Stat. 1957, chap. 105, par. 333.7) and no suggestion is made that the regulation of parking on the boulevard in question is not a reasonable exercise of the police power.

Plaintiff's complaint was filed on November 14, 1958, and summons was issued and served on defendant George Otlewis on November 18, 1958, and on defendant Giant Auto Construction Company, a corporation, on November 22, 1958. On November 21, plaintiff served a notice of motion on defendant, George Otlewis, that she would appear on November 24 before the court and move for an order requiring defendant to forthwith deliver over her automobile, and that defendants be required to plead and the hearing for damages be set down within a short date. On November 24, 1958, the court denied the motion at that time for the reason that defendants had no pleading on file and had 30 days to answer.

On December 5, the defendant chief of police moved to strike the complaint as not being well founded in law, that it failed to state a cause of action, and for the reason that the ordinance of the Chicago Park District did not include Veterans Day as a holiday, hence plaintiff's auto

was improperly parked. On December 12, the defendant Giant Auto Construction Company filed its motion to dismiss for the same reasons.

Plaintiff had, on December 8, 1958, moved the court for leave to file bond and for the issuance of a writ of replevin, as count II of her complaint. The court granted leave and ordered the sheriff to execute the writ and deliver the automobile to plaintiff. The sheriff served the writ upon each defendant on December 10, but they each refused to turn over the automobile.

Plaintiff filed a motion on December 16, 1958, to strike the motion of the chief of police, and for rule to plead. Hearing was set on the motions for January 21, 1959. The Chief then filed a supplemental motion to strike count II of the complaint. On January 19, 1959, the Giant Auto Construction Company filed its supplemental motion to strike the complaint, alleging that plaintiff had no right to bring the suit, the cause residing solely in the South East National Bank of Chicago; that the bank, in accord with its authority under its retail installment contract, paid the fine for illegal parking, plus towing and storage charges and recovered possession of the auto in question on December 10, 1958; that plaintiff ratified the actions of the bank on December 18 by taking possession of the car from the bank and assuming the burden of reimbursing the bank for payment of the fine and charges; and that plaintiff's actions have rendered moot the questions raised by the complaint, and all controversy has thus been settled. Attached was a copy of the contract between plaintiff and the bank.

The court, on hearing, ruled that the validity of section 1 of chapter 12 of the ordinance of the Chicago Park District, and of section 26(b) of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1957, chap. 95½, par. 123) was involved upon material issues, and dismissed the cause as to each defendant. By leave of court

plaintiff filed her counteraffidavit opposing ratification of the actions of the bank.

Plaintiff has filed her appeal here contending that the ordinance of the Chicago Park District is invalid and repealed the statutory provision above cited; that the ordinance was improperly and invalidly posted; that the seizure of the automobile was unjustified, as no valid ordinance was violated; that the trial court erred in denying her motion for return of her property forthwith; and that defendants had no authority to deal with the South East National Bank while the suit was pending.

This appeal arises from the dismissal of the complaint as to the two defendants. In support of the order of the trial court defendants assert that plaintiff has ratified the payment of the fine assessed by the municipal court, and has by implication admitted the validity of the ordinance. They assert that the issues are now moot, the plaintiff's actions have rendered the issues moot, and the bringing of this suit in the circuit court is a collateral attack on the judgment of the municipal court.

By the terms of the bank's retail installment contract, the plaintiff agreed, among other things, not to use the auto "in violation of any statute or ordinance (in which latter case the holder hereof shall be deemed the 'owner' of the property for the purpose of obtaining possession thereof and shall have the sole right so to do)." The plaintiff does not deny this contract nor its terms giving the bank the right to regain possession where a violation of an ordinance is involved. She cannot deny knowledge of the traffic charge against her in the municipal court. She does not deny that she resumed possession of the automobile from the bank, and assumed the obligation to repay the fine and charges for towing and storage. She merely claims that the bank had no authority to so act, since she was not in default.

The contract clearly endowed the bank with authority

to repossess the automobile in the very manner pursued. Subsequent thereto the plaintiff accepted possession from the bank and assumed the obligation to repay the sum expended by the bank. Plaintiff thus enjoys the benefits of the bank's acts—she has possession of her automobile and her fine has been paid. The bank was endowed with the rights of the plaintiff, and was plaintiff's agent for this purpose. Plaintiff cannot repudiate the acts of another done in her interest and on her behalf and at the same time retain the fruits or benefits of those acts. Receipt of these benefits with full knowledge of the material facts relating to the source of the benefits and the manner of acquisition, constitutes a ratification of such act unless the principal returns the benefits and repudiates the act within a reasonable time. (*Union Mutual Life Ins. Co.* v. *Kirchoff,* 133 Ill. 368; *Hicks* v. *Deemer,* 87 Ill. App. 384; *Southern Surety Co.* v. *Harrisburg Hospital,* 253 Ill. App. 458; *Cobb* v. *Sparr,* 153 Ill. App. 92.) Plaintiff thus ratified the acts of the bank in paying the fine, and thus impliedly admitted the validity of the ordinance. No real issue remained and the cause was moot. *Chicago City Bank and Trust Co.* v. *Board of Education,* 386 Ill. 508; *Massell* v. *Daley,* 404 Ill. 479.

Plaintiff insists that she was coerced into accepting the auto and assuming an obligation to repay the fine and charges for fear the bank would accelerate the payment of the unpaid principal of her obligation and take her property. However, she elsewhere insists that the bank could only act when the contract was in default and that she was not in default. We do not decide this issue, for nothing appears of record to indicate any such coercion, or any threat of such action by the bank. Once having regained possession the bank had protected its security. Moreover, had plaintiff proceeded in the municipal court where she was charged with a traffic violation, and have raised her issues in defense of that cause, the bank could

not have so proceeded, as no fine would have been levied until the cause was heard and determined. Plaintiff chose her forum and any inequities that result therefrom are of her own doing.

It appears that a judgment and fine upon the traffic charge were entered in the municipal court against plaintiff. Apparently that judgment was entered by default. Plaintiff has, however, ratified the judgment by payment of the fine. In the cause here on appeal plaintiff asserts that the ordinance of the Chicago Park District is invalid, improper signs were posted, and that the taking and holding of her automobile was improper and illegal. She asks restoration of her property and damages for the alleged unlawful act. If her contention is correct no judgment or fine should have been levied against her in the municipal court.

A collateral attack on a judgment is an attempt to impeach that judgment in an action other than that in which it was rendered. Although the overturning of the judgment or decree may be important, or even necessary, to the success of the action or proceeding, an attack on a judgment or decree is collateral where that action or proceeding has an independent purpose and contemplates some other relief or result. (23 I.L.P., p. 344; *City of Des Plaines* v. *Boeckenhauer,* 383 Ill. 475; *Matthews* v. *Doner,* 292 Ill. 592.) A judgment entered by a court in which there is a total want of jurisdiction or which lacks inherent power to make or enter the particular order involved is void and subject to collateral attack. (*Barnard* v. *Michael,* 392 Ill. 130.) No such allegations are made in this cause, nor does it appear that jurisdiction or power was lacking in the municipal court. Judgments by default, entered by the municipal court, and in a criminal proceeding, are protected against collateral attack. (*Duffy* v. *Frankenberg,* 144 Ill. App. 103; *Italiana* v. *Papa,* 204 Ill. App. 343; *Kanorowski* v. *People,* 113 Ill. App. 468.) A determination of the issues raised by plaintiff would necessarily constitute a col-

lateral attack upon the judgment of the municipal court, and should not be heard by the circuit court.

For all of these reasons, the circuit court correctly dismissed the complaint of plaintiff. The order of dismissal being properly entered, it is unnecessary to determine the issues raised by plaintiff.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*