SMART DATA, INC., Plaintiff-Appellant, v. UNITED PARCEL SERVICE, INC., Defendant-Appellee.

First District (1st Division) No. 1—89—0966

Opinion filed March 12, 1990.—Rehearing denied April 27, 1990.

Mark S. Simon, of Chicago, for appellant.

Keck, Mahin & Cate, of Chicago (Robert E. Arroyo and Laurie A. Spieler, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff sued defendant for breach of contract for defendant's delivery of plaintiff's goods. Defendant's motion for summary judgment was granted based upon the trial court's conclusion that plaintiff had ratified defendant's actions. On appeal plaintiff argues that the trial court erred by inferring ratification as a matter of law.

Plaintiff is a distributor of computer products located in a Chicago suburb, and defendant provides a delivery service as a common carrier. During a three-week period in mid-1987 plaintiff contracted with defendant to ship five orders of merchandise to the Keydata Tech Group, Inc. (KTG), in California. These shipments were sent COD, and defendant was to collect a customer check from KTG and remit the payment to plaintiff. The last delivery occurred on September 14, 1987. Defendant accepted a check for each delivery drawn on a California bank account of Keystrokes Unlimited, Inc. (Keystrokes). Defendant gave these checks to plaintiff, which deposited them; the first deposit was made on September 10, 1987. Each check was dishonored because of insufficient funds in the account or because the

account was closed. The first notification of dishonorment to plaintiff occurred on September 28, 1987, and plaintiff then immediately notified defendant on September 28 and eventually demanded reimbursement for $9,215.

Defendant sought summary judgment because it claimed plaintiff ratified its actions by accepting and depositing the checks without protest. Defendant stated that the shipments were delivered to the correct address and the recipient of the parcels gave defendant's delivery driver a check in the correct amount for each delivery. The checks received by defendant were made payable to plaintiff and remitted to plaintiff, which then unconditionally deposited each check in its bank account without prior protest.

Defendant stated that it had requested plaintiff, by interrogatory, to identify plaintiff's employees who handled receiving and processing of each of the checks. Plaintiff had responded that the checks were received, copied, endorsed by stamp, listed on a deposit ticket and deposited with plaintiff's bank on the day of receipt of payment; approximately the next day, the copies of the checks were matched to plaintiff's invoices, which are kept in alphabetical and numerical order; employees matched the checks received with open invoices on the amounts stated; the invoices were then removed from the "unpaid" file, marked "paid," and placed in the "paid" file; when the checks were returned as uncollectible, the invoices were placed back in the "unpaid" file. Defendant contended that it was not liable to plaintiff for the dishonored checks since plaintiff ratified defendant's acceptance of the checks drawn on the Keystrokes account when plaintiff accepted and deposited those checks without prior protest, thus waiving any claim against defendant for breach of contract.

Plaintiff filed an answer and a motion for a summary judgment. Plaintiff maintained that it did not ratify defendant's actions because it lacked full knowledge of all material facts at the time it deposited the checks, failed to receive or obtain any benefit from the checks and timely repudiated defendant's actions. In support of its motion for summary judgment, plaintiff stated that the consignee for each parcel was KTG, and defendant did not collect and remit to plaintiff any checks drawn on the account for that customer. Plaintiff also claimed that it deposited the checks as a matter of routine procedure without regard to their source or propriety and they were handled no differently than its other receipts. Furthermore, plaintiff noted that defendant made no effort to call special attention to the fact that plaintiff had the right to protest the checks or that by depositing the checks plaintiff would be waiving its right to protest. Plaintiff claimed that it

retained no benefit from defendant's unauthorized acceptance of the checks. Plaintiff also submitted the affidavit of Robbie Fatorechi, its controller, in which the affiant stated that on September 28, 1987, he called defendant to inform it that plaintiff had received a COD payment from Keystrokes which was returned by plaintiff's bank as uncollected and informed defendant that it should have collected from KTG.

During argument on the motion, the court stated that plaintiff had received a benefit in terms of the possible actions it could bring against Keystrokes or the real makers of the checks and that this was a matter of first impression. The court then followed *Comark, Inc. v. United Parcel Service, Inc.* (N.D. Ill. 1988), 701 F. Supp. 641, which involved a summary judgment for the common carrier. The trial court concluded with respect to plaintiff's claim of repudiation, that the passage of 18 days (from deposit of the first check, on September 10, to Smart's notification of defendant on September 28) was unreasonable.

Plaintiff contends the trial court erred by inferring ratification as a matter of law. Plaintiff maintains that its receipt of worthless checks cannot satisfy that part of the doctrine of ratification which requires that the person ratifying obtain a benefit, that it timely repudiated defendant's conduct, and that it did not have knowledge of all material facts. In addition, plaintiff says that the trial court did not apply the proper standard in deciding defendant's motion for summary judgment.

█ █ Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 214, 531 N.E.2d 1.) In determining the existence of a genuine issue of material fact, the trial court should construe the pleadings, depositions, admissions, exhibits and affidavits strictly against the movant and liberally in favor of the nonmovant. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358, 543 N.E.2d 1304.) Although a party may rely on reasonable inferences which may be drawn from the facts, an inference cannot be established on mere speculation, or conjecture; and if reasonable persons could draw different inferences from the facts presented, questions cannot be determined as a matter of law. (*Salinas v. Werton* (1987), 161 Ill. App. 3d 510, 514-15, 515 N.E.2d 142.) Issues concerning agency such as ratification become questions of law proper for disposition by summary judgment where the evidence is not disputed. *Advance Mortgage Corporation v. Concordia Mutual Life Insurance Co.* (1985), 135 Ill. App.

3d 477, 485, 481 N.E.2d 1025.

■■ ■ Plaintiff initially contends the undisputed facts established that plaintiff never received a benefit and timely repudiated defendant's acts. In *Buford v. Chief, Park District Police* (1960), 18 Ill. 2d 265, 270, 164 N.E.2d 57, the court said that a party cannot repudiate the acts of another done in his interest and on his behalf and at the same time retain the benefits of those acts. "Receipt of these benefits with full knowledge of the material facts relating to the source of the benefits and the manner of acquisition, constitutes a ratification of such act unless the principal returns the benefits and repudiates the act within a reasonable time." (18 Ill. 2d at 270.) For the reasons stated below, we conclude that summary judgment was improper. A fact question is presented whether plaintiff ratified defendant's acts under the standard set forth in *Buford*. The matters on file do not establish that plaintiff had full knowledge when it deposited the checks, or that plaintiff received any substantial benefit from depositing the checks. And a question of fact also exists whether plaintiff repudiated defendant's acts within a reasonable time.

The court in *Comark*, which the trial court relied on here, set forth that although a carrier such as defendant breaches its contract, it can escape liability if the shipper ratified its actions. (*Comark*, 701 F. Supp. at 646.) The *Comark* decision is partly distinguishable since one of the three shipments was on November 13, 1986, but Comark did not protest to defendant until late summer of 1987. It is unclear when, if ever, Comark protested the other two shipments.

■ In this case, plaintiff's employees accepted and routinely processed the checks submitted to it by defendant and it is this action that is relied on to establish ratification. The record explains in detail the manner in which plaintiff processed the checks, but does not show plaintiff's employees knew that, contrary to plaintiff's instructions to defendant, the checks which defendant forwarded to plaintiff were not from its customer, but bore a different name and address. Under such circumstances, we are unable to conclude as a matter of law that plaintiff ratified the actions of defendant which were not in accordance with plaintiff's instructions. Plaintiff's clerical employees would not necessarily know that the checks were accepted contrary to instructions. Plaintiff is required to act with full knowledge of the material facts for ratification to apply. If an order is truly COD, *i.e.*, cash only, and instead a check is accepted, it should be clear to anyone that there has been a deviation from the instructions because a check is accepted instead of cash. But if, as here, a check is specified as acceptable payment for a COD order, knowledge that a check has been

accepted contrary to instructions cannot necessarily or reasonably be imputed to clerical office employees. In comparable circumstances, our supreme court has recently held that the question whether a bank had exercised ordinary care in paying checks without manual verification of the signatures presented creates a genuine issue of material fact which should be answered by the trier of fact. *Wilder Binding Co. v. Oak Park Trust & Savings Bank* (1990), 135 Ill. 2d 121, 129-30.

Defendant argues that an unqualified acceptance of a check has been considered an adoption or ratification of the act of the carrier, as in *Rathbun v. Citizens' Steamboat Co.* (1879), 76 N.Y. 376, 379, 32 Am. Rep. 321, where the carrier accepted a check payable to the consignor, rather than cash as directed, but the court held the unconditional acceptance of the check amounted to a waiver of the requirement to collect the money and a ratification of the act of the carrier receiving the check in lieu of the money; thus, the consignor adopted the act of the carrier by taking a check instead of cash. (See *Annot., Liability of Carrier Delivering Goods Sent C.O.D. Without Receiving Cash Payment*, 27 A.L.R.3d 1320 (1969); *Mountain States Waterbed Distributors, Inc. v. O.N.C. Freight Systems Corp.* (1980), 44 Colo. App. 433, 614 p. 2d 906; *Karat Gold, Inc. v. United Parcel Service, Inc.* (1989), ____ Ohio App. ____.) As the annotation suggests, many of the decided cases (*e.g., Rathbun, Mountain States, Karat*) in which ratification was found involved the carrier taking a regular check instead of cash (or its equivalent such as a cashier's check) so that the carrier's breach must have been evident at the time the check was accepted and deposited by the shipper. In this case the breach was much less evident, since taking a customer check was allowed by the plaintiff and a customer check at least arguably was accepted by defendant, but drawn on a different company's account. The noncustomer checks were processed by low-level clerical help of plaintiff. Whether their actions in depositing these checks amounted to a ratification presents a question of fact, since it is not clear that plaintiff's employees in fact knew and understood there had been a breach when the checks were deposited.

 Plaintiff contends that it did not receive a benefit, since the checks were uncollectible. Defendant argues that plaintiff benefited in retaining a cause of action against its customer or the maker of the checks as the circuit court stated. We do not agree that plaintiff's legal right to sue on the dishonored checks constituted a sufficient benefit to plaintiff that plaintiff should be considered to have ratified defendant's actions. Moreover, a fact question is presented concerning whether plaintiff promptly repudiated defendant's acts within a rea-

sonable time. (*Buford*, 18 Ill. 2d at 270.) On September 28, 1987, 18 days after plaintiff deposited the first check, plaintiff was first notified that a check was uncollectible. That same day, plaintiff's controller notified plaintiff that this check was uncollected and informed defendant that defendant should have collected a check from KTG. A question of fact exists whether plaintiff timely repudiated defendant's actions.

Plaintiff also contends that the trial court did not apply the proper legal standard for summary judgment, but it is not necessary to decide this issue. A question of fact precluding summary judgment exists as to whether plaintiff ratified defendant's acts.

Therefore, the judgment of the circuit court of Cook County is reversed and the cause is remanded.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.