# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hubbard*, 2012 IL App (2d) 101158

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY E. HUBBARD, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1158 |
| Rule 23 Order filed | August 10, 2011 |
| Rule 23 Order withdrawn | January 9, 2012 |
| Opinion filed | January 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant entered a blind guilty plea to a charge of predatory criminal sexual assault of a child in 1997 and then filed a petition under section 2-1401 of the Code of Civil Procedure in 2010 alleging that his conviction was void because the trial court misadvised him of the sentencing range and his plea was rendered involuntary, the trial court properly dismissed the petition as untimely on the ground that it was filed beyond the two-year limit applicable to a section 2-1401 petition and the appellate court rejected defendant's contention that a petition alleging that a judgment is void cannot be dismissed as untimely, since the Illinois voidness doctrine only applies if a judgment is entered by a court lacking jurisdiction, an involuntary guilty plea cannot render a conviction void, and in defendant's case, there was no indication of a lack of personal or subject matter jurisdiction and mistakes in explaining sentencing or deciding the voluntariness of a plea do not cause a court to lose jurisdiction. |

| Decision Under Review | Appeal from the Circuit Court of Carroll County, No. 97-CF-17; the Hon. John F. Joyce, Judge, presiding. |
| --- | --- |
| Judgment | Affirmed. |
| Counsel on Appeal | Roy E. Hubbard, of Pontiac, appellant *pro se*. |
| | Scott L. Brinkmeier, State's Attorney, of Mt. Carroll (Lawrence M. Bauer, Gregory L. Slovacek, and Scott Jacobson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Presiding Justice Jorgensen and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Roy E. Hubbard, appeals from the dismissal of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). He asserts that his 1998 conviction of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(1)(a) (West 1996)) was void as a violation of his due process rights, the voidness of the conviction exempting his claim from the two-year limitations period of section 2-1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2010)). He further argues that the trial court erred when it failed to recognize that the conviction was void and consequently dismissed his petition. We conclude that, notwithstanding a broader voidness standard in federal law and an *obiter dictum* in *People v. Williams*, 188 Ill. 2d 365 (1999), under Illinois law a judgment is void solely when the court entering the judgment lacked jurisdiction. We therefore hold that the conviction was not void, meaning that defendant cannot escape the effect of the two-year limitations period. The court did not err in dismissing the petition; we affirm the dismissal.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was charged with one count of predatory criminal sexual assault of a child. On September 15, 1997, he entered a blind plea of guilty to that charge. The court advised

him that the sentencing range for his offense, a Class X felony, was 6 to 60 years. The State presented the factual basis for the plea. It said that, on April 5, 1997, defendant, who was older than 17, and a 12-year-old girl had twice had vaginal sexual intercourse in the basement of defendant's home. The girl had acted in a way that, but for her age, would have indicated consent. The case was continued for sentencing and defendant remained on bond.

¶ 4      Before the court sentenced him, defendant moved for leave to withdraw the plea. The basis on which he sought this leave is unclear from the record, which is incomplete.

¶ 5      After defendant moved to withdraw his plea, the State charged defendant with the burglary of a vehicle on October 24, 1997. The State and defendant then negotiated an agreement that covered both charges. Defendant agreed to withdraw his motion to withdraw the plea. The State agreed that defendant should receive the minimum sentence of six years' imprisonment for the predatory criminal sexual assault of a child and a consecutive five years' imprisonment for the burglary. At a February 3, 1998, hearing, the court accepted the agreement. It advised defendant of the sentencing range for the burglary charge but not the charge of predatory criminal sexual assault of a child.

¶ 6      On July 1, 2010, defendant filed his section 2-1401 petition; he asserted that his predatory criminal sexual assault of a child conviction was void because the trial court had initially misadvised him of the sentencing range, rendering his guilty plea involuntary.

¶ 7      The State moved to dismiss the petition. It asserted that the petition was untimely and further argued that a judgment is void only if it was entered by a court lacking jurisdiction. It did not challenge defendant's claim that the admonitions were improper.

¶ 8      Defendant responded, conceding that his petition was filed beyond the two years permissible for a standard section 2-1401 petition, but arguing, among other things, that a section 2-1401 petition alleging the voidness of a judgment cannot properly be dismissed for untimeliness.

¶ 9      The court granted the State's motion, ruling that the conviction was not void and that the two-year limitations period therefore barred any relief. Defendant timely appealed.

¶ 10                              II. ANALYSIS

¶ 11      On appeal, defendant asserts that the incorrect admonishment about the sentencing range for his offense rendered his guilty plea involuntary, void, and subject to attack at any time (without regard to the two-year limitations period of section 2-1401(c)). In support of his claim that an involuntary plea produces a void conviction, he cites *Williams*:

"A defendant who pleads guilty waives several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Due process of law requires that this waiver be voluntary and knowing. If a defendant's guilty plea is not voluntary and knowing, *it has been obtained in violation of due process and, therefore, is void*." (Emphasis added.) *Williams*, 188 Ill. 2d at 370 (citing *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) ("if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void")).

Defendant further cites federal cases that hold that an involuntary guilty plea is void; he thus implies that the federal standard is binding on this court.

¶ 12    Under Illinois's voidness doctrine, a judgment is void only if it was entered by a court lacking jurisdiction. In other words, defendant's reliance on *Williams* and federal cases is misplaced. Voluntariness or involuntariness of a guilty plea has no bearing on jurisdiction, so that an involuntary plea cannot render a conviction void. Because defendant's conviction was not void, the trial court did not need to further consider his claim. As defendant conceded, but for the claim of voidness, his petition was subject to dismissal as untimely.

¶ 13    Our supreme court, in *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002), held that petitions under section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2010)) are proper vehicles for attacking judgments as void and that such petitions are not subject to the general requirements for section 2-1401 petitions. In particular, such petitions are not subject to the two-year limitations period of section 2-1401(c). *Sarkissian*, 201 Ill. 2d at 104. However, once a court has properly ruled that a voidness claim is meritless, nothing in *Sarkissian* (or its progeny) prevents a court from applying the limitations period of section 2-1401(c) to dispose of any remaining matters raised by the petition. Therefore, once the trial court here had concluded that defendant's conviction *could not* be void regardless of the merits of his argument that his plea was involuntary, it needed to proceed no further. Similarly, we need address only defendant's voidness claim; we need not examine the voluntariness of his guilty plea.

¶ 14    The parties here disagree about the appropriate standard of review. Defendant quite properly cites *People v. Vincent*, 226 Ill. 2d 1, 14 (2007), for the proposition that "[w]hether a trial court [has] correctly *** dismisse[d] a complaint is subject to the *** *de novo* standard of review on appeal."[1] The State cites *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 327-28 (2010), for the proposition that, in the State's words, "the more deferential abuse-of-discretion standard of review would continue to be applied" despite the holding of *Vincent*. The State acknowledges that, in *Borgetti*, we specifically commended *Vincent*'s holding that a dismissal based on a ruling that subject matter jurisdiction existed should be reviewed *de novo*. See *Borgetti*, 403 Ill. App. 3d at 328. However, the State fails to consider our more general comment in *Borgetti* that "[t]he *Vincent* court was correct to relate that, when a section 2-1401 petition requests relief based upon a void judgment, equitable principles are not involved," so that *de novo* review, as specified by *Vincent*, is logical in such cases. *Borgetti*, 403 Ill. App. 3d at 327. Here, the court dismissed defendant's petition on the grounds that the judgment was not void and that the petition was otherwise untimely. We see nothing in that ruling implicating the court's discretion and see no sound way that we could review what was, in essence, a ruling on pure matters of law for an abuse of discretion.

¶ 15    Turning to the merits of defendant's voidness claim, we start by explaining Illinois's voidness doctrine as it is set out in *People v. Davis*, 156 Ill. 2d 149 (1993), but add to that

[1]Defendant should note that material is bracketed to show words or letters inserted into the quoted material by us, and not, as in his idiosyncratic style, to show emphasis.

discussion a clarification of the meaning of the phrase "collateral attack." Next, we explain why, under the proper voidness principles, defendant's conviction was not void. Finally, we explain why neither *Williams* nor federal law mandates modification of the principles of *Davis*.

¶ 16 When the voidness of a judgment has been specifically at issue, the Illinois Supreme Court has consistently held that a judgment is void if and only if the court that entered it lacked jurisdiction. The classic statement of that doctrine occurs in *Davis*. Notably for our purposes, the *Davis* court started its discussion of voidness by noting a persistent carelessness in courts' usage of "void": "[t]he term 'void' is so frequently employed interchangeably with the term 'voidable' as to have lost its primary significance." *Davis*, 156 Ill. 2d at 155. It therefore warned that, "when the term 'void' is used in a judicial opinion it is necessary to resort to the context in which the term is used to determine precisely the term's meaning." *Davis*, 156 Ill. 2d at 155. After disparaging such sloppy usage, it made clear that the term "void" should be reserved for judgments rendered by courts that lacked jurisdiction:

> "Whether a judgment is void or voidable presents a question of jurisdiction. [Citation.] Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. [Citation.] By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Davis*, 156 Ill. 2d at 155-56.

The supreme court continues to adhere to this formulation of the voidness doctrine. See *In re M.W.*, 232 Ill. 2d 408, 414 (2009) (stating when a judgment is void in the same terms as *Davis*).

¶ 17 A brief discussion of the meaning of "collateral attack" is necessary to avoid later confusion. When we address defendant's suggestion that federal cases that hold that involuntary guilty pleas are void are binding on Illinois courts, we will take into account that Illinois law provides, through the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), for a defendant to collaterally attack a guilty plea as involuntary. How can that be if an involuntary plea does not result in a void conviction and if, as *Davis* states, judgments that are merely voidable are not subject to collateral attack? The apparent contradiction arises as a result of the existence of two formulations of the definition of the phrase "collateral attack."

¶ 18 In *Buford v. Chief, Park District Police*, 18 Ill. 2d 265, 271 (1960), the supreme court defined "collateral attack" so as to limit the phrase's application to wholly independent cases:

> "A collateral attack on a judgment is an attempt to impeach that judgment in an action other than that in which it was rendered. Although the overturning of the judgment or decree may be important, or even necessary, to the success of the action or proceeding, *an attack on a judgment or decree is collateral where that action or proceeding has an independent purpose and contemplates some other relief or result*." (Emphasis added.)

Because the sole purpose of petitions under the Act and section 2-1401 is the overturning of an existing judgment, they are not collateral attacks by this definition.

¶ 19 By contrast, in *People v. Partee*, 125 Ill. 2d 24, 35-36 (1988), the supreme court used a truncated version of the definition in *Buford*: a "collateral attack upon a judgment is [one made in] a case separate and apart from the case in which the judgment has been [rendered]," and explicitly included petitions under the Act and section 2-1401 as vehicles for collateral attack.

¶ 20 The holding in *Davis* is consistent with existing practice, which obviously does allow the use of petitions under the Act and section 2-1401 to attack voidable judgments, only if one assumes that the *Davis* court was using the extended definition in *Buford*. In other words, in spite of *Davis*, a voidable judgment may be attacked under the Act or section 2-1401, provided that the procedural prerequisites are met. But only a void judgment may be attacked in a fully independent proceeding. (As we proceed, we will use the definition of "collateral attack" that includes petitions under the Act and section 2-1401.)

¶ 21 Returning to our primary analysis, we now consider the *Davis* court's discussion of the aspects of jurisdiction. The court recognized three "element[s] of jurisdiction": (1) personal jurisdiction, (2) subject matter jurisdiction, and (3) "the power to render the particular judgment or sentence."[2] *Davis*, 156 Ill. 2d at 156. Of the third element, the court warned that "jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." *Davis*, 156 Ill. 2d at 156. Moreover, "once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired"; "[a]ccordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *Davis*, 156 Ill. 2d at 156.

¶ 22 Under these principles, the facts here as represented by defendant do not result in a void judgment. Defendant has raised no suggestion of a lack of personal or subject matter jurisdiction. Further, the court unquestionably had authority to accept defendant's guilty plea, to enter a judgment of conviction of predatory criminal sexual assault of a child, and to sentence defendant to six years' imprisonment. In defendant's account, the court made a mistake of law in explaining the sentencing range and a mistake of fact in deciding the voluntariness of the plea. As *Davis* tells us, such mistakes do not cause the court to lose jurisdiction.

¶ 23 To be sure, defendant's argument is not that his conviction was void under the *Davis* standard, but rather that the proper voidness standard is broader, encompassing judgments entered in violation of due process. He has two lines of support for that proposition: federal cases that say that involuntary guilty pleas are violations of due process rights and therefore void, and *Williams*, which, citing the United States Supreme Court, says the same thing. We first explain why the federal standard need not be a part of Illinois law. We then explain why

---

[2]The particular issues in this case do not require us to discuss how much of the requirement for this third kind of jurisdiction survived following the watershed decisions in *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill. 2d 541, 553 (2003), *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335-36 (2002), and *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 529-30 (2001).

*Williams* did not adopt it as a part of Illinois law.

¶ 24   Defendant is correct that federal courts frequently say that involuntary guilty pleas are void because they violate due process standards; the footnote in *Boykin* from which the *Williams* court drew the statement on which defendant relies is a fair example of federal law. However, nothing in the United States Constitution requires that Illinois courts, in considering Illinois's own laws, use the same definition of "void" as do the federal courts. To state the same point more specifically, no reason exists to use a federal definition of "void" to decide whether a particular petition under section 2-1401 of Illinois's Code is subject to a two-year limitations period.

¶ 25   Of course, Illinois courts are bound by the United States Supreme Court's decisions on the United States Constitution's due process clauses. We thus cannot doubt that an involuntary guilty plea violates due process. However, that conclusion does not imply any particular procedure to remedy that violation.

¶ 26   Any thought that the United States Constitution mandates the remedies that Illinois law grants when it deems a conviction void is dispelled by comparing Illinois's remedies for void judgments with federal remedies for involuntary guilty pleas. Defendants whose federal guilty pleas were involuntary do not have a right to anything like what Illinois voidness doctrine would afford them. Federal law allows a claim of an involuntary guilty plea to be procedurally defaulted if not raised on direct appeal (*Bousley v. United States*, 523 U.S. 614, 621 (1998)); Illinois voidness doctrine will not allow the forfeiture of a voidness claim (see, *e.g.*, *People v. Arna*, 168 Ill. 2d 107, 113 (1995)). Moreover, involuntariness challenges to federal convictions are, at least when the defendant is a federal prisoner, necessarily brought under title 28, section 2255, of the United States Code (28 U.S.C. § 2255 (2006)). *E.g.*, *United States v. Ayala*, 894 F.2d 425, 430 (D.C. Cir. 1990). That section has a one-year limitations period that specifies three conditions that toll or trigger the running of the period. 28 U.S.C. § 2255 (2006). The only condition that is even theoretically relevant in a case such as this one is the last, that the period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (2006). Compare this with the unlimited time a party has to seek vacatur of a void judgment in Illinois. Thus the federal provisions give a defendant claiming an involuntary guilty plea essentially the same remedies that an Illinois defendant has under the Act and section 2-1401. In sum, voidness in federal law is a broad concept with weak procedural effects, voidness in Illinois law is a narrow concept with strong procedural effects, and the application of the federal standard would not provide that defendant have the ability to attack his plea at any time.

¶ 27   Constitutional mandates aside, in *Williams*, the Illinois Supreme Court did not voluntarily adopt the federal voidness standard. The *Williams* court stated, "If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process *and, therefore, is void*." (Emphasis added.) *Williams*, 188 Ill. 2d at 370. As we have shown, that formulation is inconsistent with *Davis*. Two things can be said about this inconsistency. First, *Williams* is a purest *obiter dictum* on the issue of voidness and therefore is not binding. In *Williams*, the question was whether the defendant's guilty plea to attempted murder was admissible as evidence of murder when the State's theory was that the victim had died as a result of the

original attack. *Williams*, 188 Ill. 2d at 366-67. The *Williams* court recognized as a well-established rule that only a voluntary plea would be admissible (*Williams*, 188 Ill. 2d at 369-70) and held that the defendant's plea was voluntary (*Williams*, 188 Ill. 2d at 373). Whether or not an involuntary plea would produce a void conviction was not relevant to the evidentiary issue that the court decided and was not part of the reasoned discussion of the issue–thus, the statement that the plea was void is an *obiter dictum*. To be sure, supreme court *obiter dicta* can be binding in the absence of a contrary decision of the supreme court. *E.g.*, *Woodstock Hunt Club v. Hindi*, 305 Ill. App. 3d 1074, 1076 (1999). But the *holdings* in *Davis* and *M.W.* both *are* contrary, so they are the binding law. Second, this stray comment in *Williams* stands as a good example of why the *Davis* court warned of courts' tendency to be careless in the use of the term "void."

¶ 28                        III. CONCLUSION

¶ 29    The Illinois voidness doctrine holds that judgments are void only if they are entered by a court lacking jurisdiction. An involuntary guilty plea such as that which defendant alleged is not an error that could deprive the court of jurisdiction. Therefore, the trial court properly ruled that the conviction was not void. Having so ruled, it could and did properly rule that the petition was untimely and dismiss it without examination of the voluntariness of defendant's plea.

¶ 30    For the reasons stated, we affirm the dismissal of defendant's section 2-1401 petition.

¶ 31    Affirmed.